UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>MARIE FULLE,<br><br>   Defendant. | CR No. **19CR00440**-VAP<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1344(2): Bank Fraud] |

The United States Attorney charges:

COUNTS ONE AND TWO

[18 U.S.C. § 1344(2)]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.  Defendant MARIE FULLE was a resident of Orange County, within the Central District of California.

2.  Comerica Bank ("Comerica") was a financial institution with deposits insured by the Federal Deposit Insurance Corporation. Comerica employed defendant FULLE as a branch manager of its Tustin branch located at 3025 El Camino Real, Tustin, California 92782

("Tustin Branch").  Defendant FULLE's responsibilities included maintaining a cash box, managing staff and branch operations, client development, providing banking services to customers, and selling financial products, including home equity lines of credit, mortgages, and credit cards.  Defendant FULLE also acted as the vault teller for the Tustin branch from approximately August 2012 to approximately February 2014 while also working as a branch manager.  Defendant FULLE thereby controlled the flow of cash into and out of the Tustin Branch vault.

3. Client No. 1 was a client of the Comerica Tustin Branch, where he maintained several bank accounts, including two personal checking accounts; a personal savings account; a business account; three trust accounts; and a home equity line of credit account (collectively, "Comerica Accounts").  Client No. 1 was the only authorized signatory on the Comerica Accounts.  By 2014, Client No. 1 had approximately $7 million on deposit in the Comerica Accounts.

4. Fantasy Sports Line ("FS Line") was a gambling business defendant FULLE used for placing bets between in or about 2013 and in or about 2014.

B.   THE SCHEME TO DEFRAUD

5. Beginning no later than in or about February 2013 and continuing to in or about April 2014, in Orange County, within the Central District of California, and elsewhere, defendant FULLE knowingly and with intent to defraud, executed and attempted to execute, a scheme to obtain moneys and other property owned by, and under the custody and control of Comerica, by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

C.  MEANS TO ACCOMPLISH THE SCHEME TO DEFRAUD

6.  The fraudulent scheme operated, in substance, in the following manner:

a.  Defendant FULLE provided customer service to Client No. 1 at Comerica and, as manager, instructed her employees that Client No. 1 should be managed exclusively by defendant FULLE when she was available.  Through defendant FULLE's cultivation of this exclusive customer relationship with Client No. 1, defendant FULLE became familiar with Client No. 1's banking practices and signature, and established a pattern of handling transactions on his behalf at Comerica, even though she was not a signatory on Client No. 1's Comerica Accounts.

b.  Defendant FULLE, acting without Client No. 1's authorization and in violation of various bank policies, prepared (1) withdrawal slips using Client No. 1's forged signature, through which she withdrew funds from Client No. 1's Comerica Accounts, and (2) cashier's checks drawn on Client No. 1's Comerica Accounts, including checks to third parties that defendant FULLE then cashed herself.

c.  Defendant FULLE used the funds withdrawn and from the cashed cashier's checks for her own personal benefit, including to finance her gambling debts.  In many instances, the cashiers' checks were made payable to FS Line, a gambling business defendant FULLE used for placing bets between in or about 2013 and in or about 2014.

d.  In order to conceal her unauthorized withdrawals and cashier's checks from Client No. 1, defendant FULLE (1) made several unauthorized transfers between Client No. 1's accounts, including transfers to and from Client No. 1's Comerica savings account, and

(2) made unauthorized withdrawals from several of Client No. 1's accounts.

       e.   In order to conceal her unauthorized withdrawals and cashier's checks from Comerica, defendant FULLE used her position as a manager (1) to meet privately with Client No. 1 outside the view of surveillance cameras and bank tellers to conduct transactions purportedly on Client No. 1's behalf outside usual bank procedures and (2) to ensure that the unauthorized transactions purportedly for Client No. 1 were processed from cash drawers associated with other tellers (<u>i.e.</u>, cash drawers not associated with defendant FULLE).

//
//

D. EXECUTIONS OF THE FRAUDULENT SCHEME

7. On or about the following dates, within the Central District of California, and elsewhere, defendant FULLE, committed the following acts, each of which constituted an execution and attempted execution of the fraudulent scheme:

| COUNT | DATE | ACT |
|---|---|---|
| ONE | 12/26/2013 | Withdrawal of $39,438 from Client No. 1's Comerica checking account |
| TWO | 1/8/2014 | Withdrawal of $30,000 from Client No. 1's Comerica savings account |

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

KRISTEN A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KIMBERLY D. JAIMEZ
Assistant United States Attorney
Major Frauds Section

5